NO. 7874.

STATE OF LOUISIANA

DAVID BERNHARDT PAINT CO

COURT OF APPEAL

VS

REASE B. HORNER, AT AL.

PARISH OF ORLEANS.

7874

## OPINION.

By his Honor John St.PAUL.

Plaintiff alleges that, with the knowledge and consent of the lessor, the lessee (with privilege of purchasing) "made certain improvements" on the leased premises, the materials for which said lessee purchased from plaintiff; that said premises were thereby improved to the full amount of the materials thus furnished. Wherefore plaintiff prays it be allowed a lien and privilege "on the buildings located on the property". Annexed to the petition is a bill showing that the materials furnished by plaintiff consisted of paints and oils, presumably used in painting the building on which a lien is claimed.

It is not alleged that the buildings were erected by, or belonged to, the lessee; nor that the lessor bound himself in any way for the cost of the improvements; wherefore the lessor filed an exception of no cause of action which the trial court sustained

Under C. C. 3249, workman and furnishers of materials have a lien and privilege upon the buildings and the land on which they stand, provided the land belong to the person for whom the improvements are made. But if the improvements have been made for the lessee, then "the privilege shall exist only against the lease and shall not affect the owner."

Again under Act 229 of 1916, workman and furnishers of materials who have dealt with the owner of a tract of land or with "the trustees or agent of such owner", have likewise a lien and

143

privilege upon "the improvements and upon the land belonging to such owner."

In Conroy vs Pine Belt Oil Co, 143 La 879, the Supreme Court held that these two statutes were not inconsistent and must be read together; and accordingly that one who had furnished labor and materials to a lessee was entitled to a privilege upon the lease and upon the property of the lessee situated on the premises.

In Hearne vs Victoria Lumber Co, 131 La 646, the court held that where the land belonged to one owner and the improvements to another, the lien and privilege for labor and materials furnished should properly be recorded against the improvements and in the name of the owner thereof; and reiterated that "If the improvements are made by a lessee, the privilege exists against the lease and does not affect the owner." The decision was based squarely upon the fact that in that case the improvements on which a lien was claimed belonged to the lessee; thus "Croom (the lessor) could not acquire the property at the expense of Munday (the lessee) who constructed the house with his consent." p. 651

In the case before us the lessee was not the owner of the house on which the improvements (paint) had been put; not had the lessor bound himself for the cost of the improvements merely because he knew and consented that the lessee might make them. See Liebe vs Tranchina, 10 Orleans App. 315-316.

Saloy vs Dragon, 37 An 71, cited by plaintiff, holds only that work done on a sugar house and machinery gave no lien on the plantation crops. The remark that the workman must exercise his privilege against the building was purely obiter, since the court cited C. C. 3249 denying such a privilege unless the person for whom the work was done be the owner of the building.

The judgment appealed from is therefore correct.

Judgment Affirmed.